**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SIMONE VAN HILL, *et al.*,**<br>Plaintiffs,<br>v.<br>**RIMA GHULAMALLY, *et al.*,**<br>Defendants. | Civil Action No. 26-cv-1003 (TSC) |

## OPINION AND ORDER

This matter is currently before the court on consideration of Plaintiff Simone Van Hill's *pro se* Complaint, ECF No. 1, Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2, Motion to Seal, ECF No. 6, and other miscellaneous motions, ECF Nos. 3, 7–11.[1] For the reasons explained below, the court dismisses this matter without prejudice, grants in part and denies in part Plaintiff's Motion to Seal, and denies her remaining motions as moot.

As an initial matter, although Plaintiff seeks to proceed *in forma pauperis* ("IFP") and be relieved from her obligation to pay the required filing fees, *see* ECF No. 2, she already paid those fees when she filed her Complaint. *See* ECF No. 1. Accordingly, her IFP application is denied as moot.

[1] Plaintiff claims she "brings this action . . . on her own behalf and on behalf of" several other individuals, including as a "next friend." ECF No. 1-1 at 15, 17. *See also id.* at 1, 11. But "an individual appearing *pro se* may not represent other individuals in federal court." *Vazquez v. Fed. Bureau of Prisons*, 999 F. Supp. 2d 174, 177 (D.D.C. 2013) (citing 28 U.S.C. § 1654). *See also Cartner v. Davis*, 988 F. Supp. 2d 33, 37 (D.D.C. 2013) (finding *pro se* plaintiff cannot represent others as a "next friend"). The court therefore considers Hill to be the sole plaintiff.

Plaintiff sues at least 97 named defendants, including numerous private individuals, corporations, nonprofit organizations, health services providers, financial institutions, municipal, state, and federal government agencies, and judges, as well as 500 yet-to-be identified John Does. *See* ECF No. 1-1 at 2–9, 24–68. Her allegations, which are difficult to understand, span thousands of pages and are presented in run-on paragraphs consisting of disconnected anecdotes and bare recitations of federal laws. Plaintiff alleges these defendants comprise a decades-long "coordinated criminal [e]nterprise" that has resulted in, *inter alia*, racketeering, child trafficking, theft of veterans' benefits, falsified medical records, wrongful child custody orders, theft of Plaintiff's genetic information, surveillance by multiple foreign intelligence agencies, hacking of Plaintiff's email and phones, "judicial corruption," and "seditious conspiracy." *Id.* at 9–12, 15–17. She demands up to $1.5 billion in damages. *Id.* at 9, 1570.

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Moreover, a federal court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind." *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981). Such claims include those that advance

"bizarre conspiracy theories" or "fantastic government manipulations." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). *Accord. Roum v. Fenty*, 697 F. Supp. 2d 39, 42 (D.D.C. 2010).

Plaintiff's Complaint falls squarely into this category. *Cf. Walsh v. Hagee*, 900 F. Supp. 2d 51, 58–59 (D.D.C. 2012) (dismissing complaint alleging conspiracy that "spans a number of states and over 20 years [and] involves . . . surveillance through a clandestine, international system of unknown capabilities and questionable existence"); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins"). Accordingly, this matter is dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (requiring dismissal of frivolous complaints). Consequently, Plaintiff's accompanying motions for miscellaneous relief, ECF Nos. 3, 7–11, are denied as moot.

Finally, Plaintiff moves to seal certain information in her filings. *See* Pl.'s Mot. To Seal, ECF No. 6. She requests the court to (1) seal or redact ECF No. 3, as it contains an unredacted social-security number as well as the full names of individuals Plaintiff alleges are minors, in violation of Rule 5.2(a) of the Federal Rules of Civil Procedure; (2) order that minor children be identified by initials in all public filings; (3) seal her IFP Application; (4) remove her residential address from the docket; and (5) order that all future filings redact or omit social-security numbers and her residential address, phone number, and email address. *Id.* at 1, 3–5.

A party seeking a seal must overcome the "strong presumption in favor of public access to judicial proceedings." *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980). Courts in this Circuit assess a request to seal under the *Hubbard* factors:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5)

> the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *Hubbard*, 650 F.2d at 317–22).

The movant has the heavy burden "to come forward with *specific* reasons why" information should be sealed. *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1278 (D.C. Cir. 1991) (emphasis added). "Simply assert[ing] that the documents at issue contain" protected information alone is insufficient; the movant must provide reasoning and authority. *TIG Ins. Co. v. Firemen's Ins. Co. of Washington, D.C.*, 718 F. Supp. 2d 90, 95 (D.D.C. 2010) (collecting cases denying motions to seal for failure to offer argument or legal authority). Similarly, to proceed with personal identifiers like addresses under seal, a movant faces the "weighty burden of both demonstrating a concrete need for . . . secrecy" and "identifying the consequences that would likely befall [her] if" the information were public. *In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir. 2020) (articulating five-factor pseudonymity test). *See also Doe v. Fed. Republic of Germany*, 680 F. Supp. 3d 1, 3–8 (D.D.C. 2023) (applying test to requests to seal address and phone number); *Chang v. Republic of S. Sudan*, 548 F. Supp. 3d 34, 36–37 (D.D.C. 2021) (same for address). A movant must make "a legitimate showing of need," and "[s]peculative assertions of harm will not suffice." *In re Sealed Case*, 971 F.3d at 326. *Cf. Doe*, 680 F. Supp. 3d at 3 (requiring "detailed showing" to seal).

The court will grant Plaintiff's Motion to Seal in part. Rule 5.2(a) requires that filings "include only . . . the last four digits" of social-security and financial account numbers and only the initials of a person "known to be a minor." Fed. R. Civ. P. 5.2(a)(1), (a)(3)–(4). Plaintiff's ECF No. 3 contains a social-security number and the names of alleged minor children. *See, e.g.*, ECF No. 3 at 1–4, 8–9. Accordingly, the court will seal this document to comply with Rule 5.2(a). In addition, the court observes that Plaintiff's Complaint and attachments contain unredacted

social-security numbers, bank account numbers, and the names of minor children repeatedly woven throughout their nearly 1,800-pages. *See, e.g.*, ECF No. 1-1 at 20–22, 33, 140, 265, 1238, 1687. Her IFP Application also contains the name of an individual alleged to be a minor. *See* ECF No. 2 at 1–2. Due to the voluminous nature of Plaintiff's filings, the court declines to redact these documents *sua sponte* and will seal them to comply with Rule 5.2(a). As to Plaintiff's request for an order requiring omission of these details in future filings, Rule 5.2(a) already protects that information. *See* Fed. R. Civ. P. 5.2(a)(1), (a)(3)–(4). Plaintiff and all filers are instructed to comply with that Rule.

In all other respects, Plaintiff's Motion is denied without prejudice. Plaintiff has not made a legitimate showing of need to justify removing her residential address from the docket under the pseudonymity factors, nor has she come forward with specific reasons to seal all documents containing her residential address, email address, and phone number going forward under the *Hubbard* factors. *See In re Sealed Case*, 971 F.3d at 326; *Johnson*, 951 F.2d at 1278. Plaintiff merely asserts that "[a]ny one of" the 97 named and 500 unnamed defendants "can use" this information to "escalate retaliation . . . or endanger residents," without explaining how or why. Pl.'s Mot. to Seal at 4. While fear of retaliation may in certain circumstances justify sealing, those fears must be "well-founded and legitimate." *Chang,* 548 F. Supp. 3d at 38. But Plaintiff's allegations are simply "speculative assertions," *In re Sealed Case*, 971 F.3d at 326, that are grounded in her frivolous conspiracy claims. *See, e.g.*, Pl.'s Mot. to Seal at 4 (vaguely referring to unnamed "individuals with confirmed connections to . . . [foreign] intelligence networks"). And although Plaintiff claims unnamed defendants might "access financial accounts," *id.*, she fails to explain how those "consequences . . . would *likely*" occur if her address, phone number, and email address in particular are disclosed. *In re Sealed Case*, 971 F.3d at 326 (emphasis added).

Moreover, this information is not covered under Rule 5.2(a), *see* Fed. R. Civ. P. 5.2(a), and "[t]he Federal and Local Rules . . . promote a 'presumption in favor of disclosure'" of litigants' addresses and identities. *Chang*, 548 F. Supp. 3d at 36 (quoting *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019)).

Therefore, on this limited record, Plaintiff falls short of the "legitimate showing" and "concrete need" required to remove her address from the public docket, *In re Sealed Case*, 971 F.3d at 326, and fails to otherwise offer specific grounds sufficient to "outweigh[] th[e] strong presumption in favor of public access" and warrant forward-going sealing of her residential address, phone number, and email address at this time. *Johnson*, 951 F.2d at 1277.

Any further requests to redact or seal information in prior or subsequent filings should identify the specific information to be protected and offer grounds for why protection is warranted, in reference to the factors adopted by the D.C. Circuit in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980) and any applicable Federal or Local Rules, as well as provide a redacted version for the Court's review.

Accordingly, this case is **DISMISSED** without prejudice. Plaintiff's Motion to Seal, ECF No. 6, is **GRANTED IN PART AND DENIED IN PART**. The Clerk of the Court is **ORDERED** to hold ECF Nos. 1, 2, and 3 under seal. It is **FURTHER ORDERED** that all remaining pending motions, ECF Nos. 2–3, 7–11, are **DENIED** as moot. The Clerk of the Court shall close this case.

**SO ORDERED.**

Date: October 26, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge